IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2012 AUG 13 PM 3: 54

CLERK OF COURT

BY:_____

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0732-10 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | DECISION AND ORDER |
| ROLAND CLARK NGIRACHELSAU, | ) | (MOTION TO DISMISS) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## INTRODUCTION

This matter came before the HONORABLE VERNON P. PEREZ on May 31, 2012 on Defendant's Motion to Dismiss. Attorney Frances C. DeCecco appeared on behalf of the Government. Attorney Suresh Sampath represented Defendant, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Roland Clark Ngirachelsau ("Defendant") was arrested for DUI on September 5, 2009, and taken into Guam Police Department ("GPD") custody. GPD released Defendant from custody and issued a Citation and Notice to Appear ordering him to appear in court on September 1, 2010. The Government filed a Complaint against Defendant on August 31, 2010. Defendant did not appear on September 1, 2010, and Magistrate Tolentino issued a bench warrant on September 3, 2010. Marshals of the Superior Court of Guam ("Marshals") served Defendant at Tiyan precinct nineteen months later on April 2, 2012. There is no information on file regarding the Marshals' efforts to execute the warrant before April 2,

2012. Defendant was ordered to return to court for arraignment on April 4, 2012, upon which time Public Defenders Services Corporation ("PDSC") was appointed counsel and given time to confer. Defendant was arraigned on April 11, 2012.

Defendant filed its Motion for the Dismissal of the Complaint ("Motion") on May 3, 2012. The Government filed the People's Opposition to Motion to Dismiss ("Opposition") on May 14, 2012. Defendant then filed its Reply to People's Opposition to Defendant's Motion for the Dismissal of the Complaint ("Reply") on May 23, 2012.

Defendant requests dismissal as he argues that the time from the filing of the criminal Complaint against him to the time he was arraigned was in violation of the Prompt Arraignment Rule recently handed down by the Supreme Court of Guam in *People v. Rasauo*, 2011 Guam 14 (hereinafter "*Rasauo II*").

## DISCUSSION

Defendant argues this case must be dismissed, as it violates the rule set forth in *Rasauo II*. *Rasauo II* requires dismissal where a defendant is not arraigned within 60 days from the date of filing of a formal criminal complaint. Yet, as the Government argues, delay in arraignment may be excused where "good cause" is shown.

Defendant argues he was not promptly arraigned as provided by 8 GCA § 60.10(a). While Defendant accepts some responsibility for the delay, he attributes the extensive delay to the Superior Court Marshals' failure to make reasonable and diligent attempts to execute the bench warrant. Motion at 2-3. Defendant argues "good cause" expressed in *Rasauo II* does not exist here, since the warrant was issued in September 2010 and not served until April 2012. *Id.* at 4. Defendant notes that under 8 GCA § 80.50 "it shall be the duty of the all courts and judicial

officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice." *Id.* at 2 Finally, Defendant cites Hawaii case law to contend that the *Rasauo II* ruling is a bright line rule, and any delay over 60 days requires dismissal for "failure to prosecute for due diligence." Motion at 3; See *State v. Mageo,* 889 P.2d 1092 (Haw. App. 1995) (holding that Penal summons issued in 1989 was not served until 1991, and thus the matter was dismissed for unreasonable delay); See *State v. Lei,* 21 P. 3d 880, (Haw. 2001) (holding that although a bench warrant was served two years after Defendant failed to appear, the delay was excused based on the volume of outstanding warrants).

The Government recognizes the "60 day rule" announced in *Rasauo II,* which established that criminal defendants must be arraigned within 60 days of the filing of an indictment or complaint. The Government further explains the prompt arraignment rule codified in 8 GCA 60.10 is aligned with the Right to Speedy Trial time period found in Section 8 GCA 80.60(a)(3). Opposition at 3. In *People v. Stephen,* the Court stated that prompt arraignment is "a statutory expression of the speedy trial right. 2009 Guam 8 ¶32. The government also notes that the *Rasauo II* decision does not expound on the definition of "good cause," which calls for the necessity for case-by-case analysis. Opposition at 4. The government alleges that there was good cause for its failure to arraign the Defendant within 60 days. *Id.* The Government notes the major interval between the filing of the complaint in Defendant's case and actual arraignment was approximately nineteen (19) months. *Id.* at 5. To support its good cause argument, the Government indicates it is universally held that the clock tolls in cases where defendants fail to appear and cannot reasonably be located for further criminal process, and thus there is good cause to justify the delay during this nineteen-month period. *Id.* The Government finally notes that the language of HRPP 9(c)(3) conflicts with 8 GCA §15.70. *Id.* at 5-6. While Hawaii's

statute explicitly states both warrants and summons must be executed "without unnecessary delay," 8 GCA § 15.70 does not impose such a requirement. Rather, Guam's warrant statute only requires warrants and summons to be served in the Territory and warrants executed by a peace officer.

The Court agrees with the Government that 8 GCA §§ 15.70, 60.10, or 80.50 do not require peace officers to make a showing of attempts to execute warrants or summons. Absent direct statutory language to the contrary, peace officers are presumed to fulfill their duties. *People v. Carpela,* CM 1089-10 (Mach 5, 2012). Aside from Defendant's absence from the criminal justice system for nineteen months, there are three other periods of delay: the one day delay between the filing of the Complaint and Defendant's NTA hearing; the two day delay between the return of warrant hearing on April 2, 2012, and Defendant's first arraignment on April 4, 2012; and the seven day delay between April 4, 2012, and Defendant's actual arraignment on April 11, 2012. Opposition at 4.

On the date of Defendant's DUI, he was given a NTA scheduled for September 1, 2010, at 10:00 a.m. The Government filed a Complaint, August 31, 2010. Defendant did not appear and subsequently a bench warrant was issued September 3, 2010. On April 2, 2012, Marshals served the bench warrant on Defendant, a year and a half later, when he appeared at Tiyan police precinct. Defendant was arraigned on April 11, 2012. It is not clear whether or not Marshals put forth enough effort to locate Defendant which would create a good cause excuse for violation of the Prompt Arraignment Rule. It is abundantly clear, however, that if Defendant purposely delayed service or intentionally failed to appear after being notified of a hearing date, good cause would be found. It is also clear that if the Defendant did nothing to delay service, or had no notice of a hearing date, and the Marshals put forth lackluster efforts to notify Defendant then

good cause would not be found.

As the Supreme Court said only good cause would prevent dismissal, it becomes the Government's burden to show good cause once the 60 day window has expired. Once the September 3, 2010, bench warrant was issued, however, no attempts of service were logged until April 2, 2012, when Defendant was arrested on the bench warrant. Nearly a year and a half passed in which zero efforts were logged as to attempts to locate Defendant, but the need and existence of a bench warrant is very telling in this matter. The Court must assume that a bench warrant was issued because locating the Defendant was difficult as he did not appear for his NTA date and his address listed on the NTA citation differed from that listed on the Return of Warrant dated April 2, 2012. The Court must also assume that good cause exists for delay beyond the 60 days where a defendant cannot reasonably be located, as many jurisdictions have found similarly. *See People v. Rock*, 403 N.Y.S. 2d 110 (N.Y.A.D. 1978); *Carrier v. State*, 815 So. 2d 1222, 1224-24 (Miss. App. 2001); *See also Henson v. State*, 832 S.W. 2d 269 (Ark. App. 1992); *See also State v. Vailencour*, 914 P.2d 767 (Wash. App. 1996). After Defendant was served a copy of the bench warrant and arrested on April 2, 2012, he was not arraigned until April 11, 2012. Though the total period from Complaint to Arraignment totals nearly a year and a half, most of the delay is attributed to Defendant's failure to appear and the necessity of a bench warrant and its service upon Defendant. The Defendant's absence from the judicial process would necessarily delay arraignment. Although it is unclear what efforts the Marshals pursued prior to service on April 2, 2012, efforts to serve Defendant would have been frustrated by the incorrect address listed on his Citation and Notice to appear. The Court must find good cause to exist where every effort possible was made to contact Defendant, notify him of the arraignment hearing and get him to court. The Court must find good cause where every effort possible was

made to contact Defendant, notify him of the arraignment hearing and get him to court. And absent other evidence, the Court must presume that public officers have fulfilled their official duties. *U.S. v. Chemical Foundation*, 272 U.S. 1, 6 (1926); *See The Confiscation Cases*, 87 U.S. 92 (1873).

In an earlier case, *People v. Carpela,* CM 1089-10, this Court found good cause for a delay over 60 days where Defendant was difficult to locate, and the Marshals made several attempts to serve a bench warrant. Here, Defendant contends the Marshals' efforts were inadequate serving the bench warrant, because there is no documentation of the Marshals efforts up until April 2, 2012. But lack of documentation is not dispositive of the Marshals efforts, even without listing attempts, Marshals are presumed to carry out their duties. Barring flagrant error, the Marshals are presumed to have carried out their duties. Here, Defendant listed a different address at the time of citation from the one listed at the time the bench warrant was served. Even if unintentional, this conduct would have frustrated the Marshals attempts at service. Good cause existed from issuance of the bench warrant to service of that warrant. Defendant's Prompt Arraignment Right was not violated as less than 60 days expired where good cause was not found to excuse the delay.

Furthermore, Defendant's contention that *Rasauo II,* 8 GCA §§80.50, and 15.70 evade a good cause argument by statutorily requiring expediency "without unnecessary delay," like in Hawaii, is unsound. None of the above sections impose such a duty on any public officer. To impart such a duty would be asking the Court to usurp the role of the legislature as lawmakers. As such, though Defendant's argument is persuasive, it bears no weight on the manner of execution of warrants and summons. Thus, the proper analysis of the delay remains an evaluation of good cause.

The next question is if the delay between April 4 and April 11, 2012 amounts to good cause for purposes of the 60 day rule. More specifically, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause. Title 8 Guam Code Annotated section 45.30(c) requires that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Indictment and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Court disagrees that a bright line rule of any delay caused by a Court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II. Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a) ("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"); *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to

meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

The Public Defender Service Corporation argued in some of the numerous motions to dismiss based on *Rasauo II*, before this Court, that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM538-11 (Dec. 20, 2011); Decl. of PDSC Investigator Sea Aguon Cruz, CM285-11 (Jan. 27, 2012). In this case, Defendant's Motion did not address if any delay attributed to time for the Defendant to meet and confer with counsel is good cause. Instead, Defendant's Motion argues that no good cause exists for the violation of the 60 day rule in this case.

The Court finds that seven (7) days is not an excessive amount of time to provide a defendant time to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days. 8 GCA § 80.50(a). Thus, the delay in this case is reasonable; hence, this case should be not dismissed for the violation of the 60 day rule.

In other decisions recently handed out by this Court regarding *Rasauo II* motions, this Court denied or granted dismissal based on the evidence to support a good faith effort by the Marshals to locate and serve Defendant. If Defendant appeared hard to locate as evidenced by any record of non-service or other indication, like what was present in the instant case, the case should not be dismissed. If evidence reflects on the ease of finding the Defendant, then this Court likely will dismiss the matter. Here, the Court is confident from the record that Defendant

was difficult to locate. Therefore, this Court finds there were no more than 60 days of inexcusable delay.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. A Criminal Trial Setting is scheduled for August 28, 2012, at 9:00 a.m.

So **ORDERED** this 13th day of August 2012.

Original Signed By
HON. VERNON P. PEREZ

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

Dated at Hagatna, Guam

**AUG 1 3 2012**

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam